Jon S. Musial, (#012828)
**LAW OFFICE OF JON S. MUSIAL**
6245 E. Nisbet Road
Scottsdale, Arizona 85254
Email: Jon.Musial@MusialLawOffice.com
Telephone: (480) 951-0669
Counsel for Everett S. Butler, as Successor Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ROBERT PARKER JOHNSON,<br><br>Debtor | Chapter 13 Proceedings<br><br>Case No. 2:17-bk-15069-BMW<br><br>**FED. R. BANKR. P. 9019 JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT;**<br>**AND**<br>**MOTION FOR EXPEDITED HEARING** |

Pursuant to Bankruptcy Rule 9019, the Debtor, Robert Parker Johnson ("Debtor") and creditor, Everett S. Butler, as Successor Trustee of the Survivor's Trust Created under the Deem Living Trust, dated July 25, 2009 ("Butler" and together with Debtor the "Parties"), by and through undersigned counsel, hereby jointly move the Court for an order approving the Settlement reached at the Settlement conference held before the Honorable Paul Sala on August 16, 2018, by and between the Debtor and Butler. The Settlement Agreement was negotiated and placed on the record by the Honorable Paula Sala at the settlement conference held on August 16, 2018, as reflected in Docket Nos. 44 and 45, and is incorporated as a part of this Motion.

The Parties also request that the Court consider approval of the Settlement Agreement on an expedited basis pursuant to 11 U.S.C. §§ 101, 102(1) and Rule 9006(c)(1), subject to fifteen (15) days negative notice to all parties-in-interest. This Motion is supported by the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

DATED this 20th day of August, 2018.

LAW OFFICE OF JON S. MUSIAL

/s/ Jon S. Musial
_____
/s/ Jon S. Musial (#012828)
6245 E. Nisbet Road
Scottsdale, Arizona 85254

And

NEELEY LAW FIRM, PLC


 /s/ Chris Dutkiewicz
Chris Dutkiewicz, 024962
2250 E. Germann Rd., Suite 11    Chandler, AZ 85286

## **MEMORANDUM OF POINTS AND AUTHORITIES**

1. Debtor, Robert Parker Johnson commenced his Chapter 13 case on or about December 22, 2017.

2. Butler is the holder of a certain promissory Balloon Note, February 23, 2007, as amended, renewed and extended, in the original face amount of Fifty Five Thousand Dollars ($55,000.00). The Balloon Note was amended, renewed, extended and modified in that certain Modification of Balloon Note, dated October 8, 2012, which changed the final payment amount to $58,862.40 (assuming compliance with all other terms) and extended the final payment date five years to August 1, 2017 (The Balloon Note and Modification of Balloon Note are hereinafter collectively referred to as the "Balloon Note").

3. The Balloon Note is secured by a "DEED OF TRUST (Securing Balloon Note)" of even date which was duly and properly recorded on February 28, 2007, in the

Maricopa County Recorder's office at 2007-0240233, covering the following property, which includes a mobile home affixed to the real property:

> LOT 46, SCOTTSDALE MOBILE ESTATES AMENDED, ACCORDING TO BOOK 119 OF MAPS, PAGE 13, RECORDS OF MARICOPA COUNTY, ARIZONA. A.P.N.: 131-15-062

(hereinafter the "Property"). The DEED OF TRUST (Securing Balloon Note) was amended by that certain AMENDMENT TO DEED OF TRUST (Securing Balloon Note), dated October 8, 2012 and recorded in the Maricopa County Recorder's office at 2012-0929206 on October 12, 2012, and hereinafter collectively referred to as the "Deed of Trust".

4. The Deed of Trust was assigned to Butler by that certain "ASSIGNMENT OF DEED OF TRUST (Participation Interest Partial Assignment)", recorded on May 1, 2007, in the Maricopa County Recorder's office at 2007-0506124 and that certain "ASSIGNMENT OF BENEFICIAL INTEREST UNDER DEED OF TRUST", recorded on October 4, 2012, in the Maricopa County Recorder's office at 2012-0901877. The Balloon Note, Deed of Trust and Assignments are attached as Exhibits to the proof of claim filed concurrently herewith and incorporated by reference.

5. Debtor filed a chapter 13 petition on December 22, 2017. As of the date that the bankruptcy was filed, the total amount due on the Balloon Note and Deed of Trust was $74,204.65, including the outstanding principal balance of $58,321.56, accrued and accruing interest at the rate of 13% and a per diem rate of $20.7721, plus attorneys' fees, and other charges, as more fully set forth in the Proof of claim filed by Butler.

6. Butler filed an objection to the Debtor's First Amended Plan asserting numerous issues, including the lack of feasibility. Pursuant to the Chapter 13 Trustee's recommendations, Debtor was required to resolve the Butler Objection before a Stipulated Order of Confirmation could be lodged.

7. Pursuant to the Settlement Conference held before the Honorable Paul Sala on August 16, 2018, the parties agreed to a settlement and placed the terms and conditions on the record. The settlement is subject to Court approval and generally provides as follows:

a. Butler shall receive a payment from the funds currently being held by the Chapter 13 Trustee in the amount of $1,500.00, representing adequate protection, upon approval of the Settlement.

b. Debtor shall have until 5:00 p.m., December 1, 2018, to vacate the Property and turn over the keys to the Property to Butler.

c. Upon approval of the Settlement, the automatic stay shall immediately terminate as to the Property and as to Butler's activities to exercise his rights in and to the Property.

d. Debtor represented and warranted that Debtor has not liened or encumbered the Property or personal property thereon, voluntarily or involuntarily, by operation of law or otherwise, except the Deed of Trust held by Butler.

e. Butler shall, in his sole and absolute discretion, be entitled to foreclose on the Property upon approval of the Settlement or demand and receive a deed in lieu of foreclosure from the Debtor.

f. Debtor shall be a tenant on the Property until he vacates the Property, subject to all obligations and duties imposed by Arizona law on tenants, except the obligation to pay rent. Debtor shall have the obligation to maintain the Property in good working order during the tenancy.

g. Butler shall be a landlord to the Debtor until Debtor vacates the Property, subject to all obligations and duties imposed by Arizona law on landlords, except that Butler shall have no obligation to maintain or repair the Property during the tenancy. Furthermore, Butler shall have no obligation to store, sell or return any personal property remaining on the Property after the keys have been turned over to Butler.

h. In the event Debtor vacates the Property and turns over the keys to Butler by 5:00 p.m. on or before the 30th calendar day after Court approval of the

Settlement, Butler shall pay the Debtor the sum of $5,000.00 within seven (7) calendar days of receipt of the keys to the Property.

      i. Finally, the parties agreed to seek expedited approval of the Settlement.

8. The Debtor believes approval of the Settlement is in the best interests of the Debtor and the estate and should be approved.

9. Approval of the Settlement Agreement on an expedited basis is appropriate under the circumstances of this case pursuant to 11 U.S.C. §§101, 102(1) and Rule 9006(c)(1), Federal Rules of Bankruptcy Procedure, for the reasons that (a) there are few other creditors in the case and the settlement resolves the central issue in the case, (b) the settlement will allow the debtor to propose a second amended plan capable of confirmation, (c) will reduce Debtors financial obligations, (d) the procedure outlined herein is administratively convenient, cost effective and will expedite consummation of a settlement with Butler, and (d) the Debtor does not anticipate any objection to the settlement.

## LEGAL AUTHORITY

*The Court Should Approve the Proposed Settlement and Compromise Pursuant to Bankruptcy Rule 9019.*

The authority to compromise a controversy is set forth in Bankruptcy Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, which provides in the pertinent part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.

Rule 9019(a), Federal Rules of Bankruptcy Procedure. In reviewing proposed settlements, the standard applied by courts under the former Bankruptcy Act is also applicable under the Bankruptcy Code. As stated by the Supreme Court in *Protective Committee Stockholder of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968), the Court should find that the proposed settlement is "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of…litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Committee* at 425.

The Ninth Circuit has held:

> In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises

*In re A&C Properties,* 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom, Martin v. Robinson,* 479 U.S. 865 (1986); *In re Woodson,* 839 f.2d 610 (9th Cir. 1988).

A court, however, should not substitute its own judgment for the judgment of a trustee or the debtor, *In re Carla Leather, Inc.,* 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984). In reviewing a proposed settlement, a court "is not to decide the numerous questions of law and fact…but rather to canvas the issues and see whether the settlement " fall(s) below the lowest point in the range of reasonableness. *In re W.T. Grant Company,* 699 F.2d 599, 608 (2nd Cir.) *cert. denied,* 464 U.S. 822 (1983) (quoting, *Newman v. Stein,* 464 F.2d 689, 693 (2nd Cir. 1972) *cert. denied sub nom; Benson v. Newman,* 409 U.S. 1039 (1974). A "mini-trial" on the merits of the underlying cause of action is not required. *In re Blair,* 538 F.2d 849, 851-52 (9th Cir. 1976); *In re Walsh Construction, Inc.,* 669 F.2d 1325, 1328 (9th Cir. 1982).

In the present case, the following factors identified by the Ninth Circuit in *A&C Properties* mandate in favor of court approval of the Settlement Agreement:

1. *Probability of success in the litigation.* The Debtor understands there are risks associated with any litigation. Independent of the merits of the litigation, the Debtor has determined that the Settlement is in the best interests of the Debtor and the Estate. The Debtor believes that approval of the Settlement is the best alternative to lengthy and costly litigation.

2. *Difficulties with collection.* This factor is not applicable as the Debtor has not sought any form of relief from or judgment against Butler. Debtor believes that the reduced payment obligations of the Debtor is clearly beneficial and is preferable to the risks of proceeding with litigation.

3. *Complexity of Issues.* The issues and claims of all parties are not complex, but would be costly to pursue. The Debtor has determined that settlement of the claims of the parties in accordance with the agreement reached at the Settlement conference is preferable to litigating these issues.

4. *The Interest of creditors.* The interests of creditors of the estate are well-served by the Settlement. The Debtor and Butler would incur substantial fees in completing the prosecution and defense of the claims. In addition, the proposed settlement reduces claims against the estate, thus increasing the potential recovery to other creditors.

**CONCLUSION**

Based on all of the foregoing, the Debtor requests that the Court approve the Settlement Agreement, subject to fifteen (15) days negative notice to all parties-in-interest.

DATED this 20th day of August, 2018.

LAW OFFICE OF JON S. MUSIAL

/s/ Jon S. Musial (#012828)
6245 E. Nisbet Road
Scottsdale, Arizona 85254

And

NEELEY LAW FIRM, PLC


 /s/ Chris Dutkiewicz
Chris Dutkiewicz, 024962
2250 E. Germann Rd., Suite 11   Chandler, AZ 85286

Copy of the foregoing served by regular first class mail and/or email
this 20th day of August, 2018, to:

Russell Brown
CHAPTER 13 TRUSTEE
SUITE 800
3838 NORTH CENTRAL AVENUE
PHOENIX, AZ. 85012-1965
Email: mail@ch13bk.com; ecfmailclient@ch13bk.com

KENNETH L NEELEY
2250 E. GERMANN RD., SUITE 11
CHANDLER, AZ 85286
Email: ecf@neeleylaw.com

United States Trustee
Region 14
230 N. 1st Ave., Suite 204
Phoenix, AZ 85003
USTPRegion.14.PHX.ECF@USDOJ.GOV

Nancy K. Swift
**BUCHALTER A PROFESSIONAL CORPORATION**
16435 North Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754
nswift@buchalter.com


*/S/ Jon S. Musial*