**THIS ORDER IS APPROVED.**

**Dated: September 12, 2018**

*Brenda Moody*

**Brenda Moody Whinery, Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 Proceedings |
| ROBERT PARKER JOHNSON, | Case No. 2:17-bk-15069-BMW |
| Debtor | **ORDER APPROVING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT** |

This matter came before the Court pursuant to the FED. R. BANKR. P. 9019 MOTION TO APPROVE SETTLEMENT AGREEMENT; AND MOTION FOR EXPEDITED HEARING (the "Motion") filed by Robert Parker Johnson ("Debtor") and Everett S. Butler, as Successor Trustee of the Survivor's Trust Created under the Deem Living Trust, dated July 25, 2009 ("Butler"). The terms of the compromise and settlement were set forth on the record at the Settlement Conference held on August 16, 2018 before the Honorable Paul Sala (See Dockt Nos. 44 & 45) and include the following:

    a. Butler shall receive a payment from the funds currently being held by the Chapter 13 Trustee in the amount of $1,500.00, representing adequate protection, upon approval of the Settlement.

    b. Debtor shall have until 5:00 p.m., December 1, 2018, to vacate the Property and turn over the keys to the Property to Butler.

    c. Upon approval of the Settlement, the automatic stay shall immediately terminate as to the Property and as to Butler's activities to exercise his rights in and to the Property.

d. Debtor represented and warranted that Debtor has not liened or encumbered the Property or personal property thereon, voluntarily or involuntarily, by operation of law or otherwise, except the Deed of Trust held by Butler.

e. Butler shall, in his sole and absolute discretion, be entitled to foreclose on the Property upon approval of the Settlement or demand and receive a deed in lieu of foreclosure from the Debtor.

f. Debtor shall be a tenant on the Property until he vacates the Property, subject to all obligations and duties imposed by Arizona law on tenants, except the obligation to pay rent. Debtor shall have the obligation to maintain the Property in good working order during the tenancy.

g. Butler shall be a landlord to the Debtor until Debtor vacates the Property, subject to all obligations and duties imposed by Arizona law on landlords, except that Butler shall have no obligation to maintain or repair the Property during the tenancy. Furthermore, Butler shall have no obligation to store, sell or return any personal property remaining on the Property after the keys have been turned over to Butler.

h. In the event Debtor vacates the Property and turns over the keys to Butler by 5:00 p.m. on or before the 30th calendar day after Court approval of the Settlement, Butler shall pay the Debtor the sum of $5,000.00 within seven (7) calendar days of receipt of the keys to the Property.

The Court, having reviewed the Motion and Settlement, the entire record of the case and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Settlement meets all of the requirements of Bankruptcy Rule 9019 and is hereby approved and enforceable in accordance with its terms. The settlement is fair and equitable based upon the factors set forth in *In re A&C Properties,* 784 F.2d 1377, 1381 (9th Cir. 1986.)

2. Due and proper notice of the Motion and the Settlement has been and will be given to creditors and parties in interest as is appropriate under the circumstances of this case, pursuant to 11 U.S.C. § 102(1), Federal Rules of Bankruptcy Procedure.

3. The Settlement is hereby approved.

4. Butler is hereby granted immediate relief from the automatic stay and all injunctions of this Court, as modified by the Settlement.

5. The fourteen (14) day stay provisions of Bankruptcy Rule 4001(a)(3) are hereby waived.

SO ORDERED.

**DATED AND SIGNED ABOVE**